## POPP v. NEWPORT NEWS SHIPBUILDING & DRY DOCK CO.

(Circuit Court of Appeals, Third Circuit. May 26, 1925.)

No. 3308.

Patents 202(1)—Assignment held to carry entire right to invention.

Defendant, an inventor with application for patent pending, sold and assigned to complainant "my entire right, title, and interest in and to said invention, * * * and in and to any letters patent that may be granted in pursuance of said application." *Held*, that the instrument was an assignment of the invention in its entirety, as well as of the pending application, and entitled complainant to an assignment of a patent subsequently procured in a foreign country.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, District Judge.

Suit in equity by the Newport News Shipbuilding & Dry Dock Company against Harry E. Popp. Decree for complainant, and defendant appeals. Affirmed.

Charles H. Andros, of Albany, N. Y., and George S. Love, of York, Pa., for appellant.

R. W. Archbald, of Scranton, Pa., and Sheffield & Betts, Edward W. Vaill, and Gilman D. Blake, all of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by H. E. Popp from a decree of the court below ordering him to assign a Canadian patent to the Newport News Shipbuilding Company. While in the employ of that company, Popp, by written contract wherein he recited that he had "invented a new and useful improvement in draft tubes for which I am about to make application for letters patent of the United States," sold, assigned, transferred, and set over to said company "my entire right, title, and interest in and to said invention, as fully set forth and described in the application executed by me on the 5th day of September, 1923, and in and to any letters patent that may be granted in pursuance of said application or any division thereof."

The case turns on the meaning and construction of this paper, and the court below, construing it as covering two things, viz. the assignment of the invention in its entirety, and also the application for the United States patent then being made, held that the former, viz. the assignment of the invention, embraced the right to make an application for the patenting thereof elsewhere, and that consequently, when Popp, the inventor and seller of the invention, subsequently made application for a Canadian patent, he was bound to transfer it to the company which had bought his invention. Such is also our construction of the paper, and this view is in accord with the authorities cited by the late Judge Witmer, with the exception, perhaps, of the case of Emmons et al. v. Sladdin et al., Fed. Cas. No. 4,470. In that case the contract, besides conveying the invention, by express terms conveyed as well "all * * * letters patent * * * to be thereafter obtained on account thereof." The habendum covered, not only the remainder of the term of the letters patent expressly conveyed, but also "every other term and interest and extension thereof to be hereafter granted therein." The court held that by this broad language the parties left nothing for construction, and in doing so announced the general principles of law which the learned trial judge properly applied in the case at bar.

Availing ourselves of the able opinion of Judge Witmer to show the grounds for our decision, we affirm the decree below.